

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC SMITH, #B-35701, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 03 C 7870 |
| vs. | ) |
| | ) Judge Joan H. Lefkow |
| KENNETH BRILEY and | ) |
| SERGEANT T. DAVIS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eric Smith ("Smith") filed the present action pursuant to 42 U.S.C. § 1983, alleging that defendants, Kenneth Briley, warden of the Stateville Correctional Center, and Sergeant T. Davis violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to below-freezing temperatures while he was housed at the Stateville Correctional Center ("Stateville"). Defendants have moved for summary judgment on Smith's § 1983 claims, arguing that Smith failed to exhaust the administrative remedies required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a) ("PLRA"). For the reasons stated below, the court denies defendants' motion.

## I. SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp.*

v. *Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

## II. SMITH'S AMENDED COMPLAINTS

Before reaching the merits of defendants' motion, the court must address the objections raised by defendants to the factual allegations contained in Smith's First Amended Complaint and his affidavit opposing defendants' motion for summary judgment. Smith filed a *pro se* complaint on November 5, 2003 and an amended *pro se* complaint on December 2, 2003. Defendants filed a limited motion for summary judgment as to the issue of exhaustion under the PLRA on March 4, 2004. On April 19, 2004, Smith, through his court-appointed counsel, submitted an unopposed motion to amend the complaint to substitute Sergeant T. Davis for defendant Sergeant John Doe [#21], which the court granted on April 22, 2004. On September 16, 2004, Smith filed Plaintiff's First Amended Complaint at Law.[1] That same day, Smith filed a response to defendants' motion for

---

[1] Rather than simply substituting Sergeant T. Davis for Sergeant John Doe, Smith's First Amended Complaint at Law changed the factual allegations underlying his claims, thereby exceeding the scope of the court's leave and the defendants' consent to amend the complaint. Defendants failed to raise this argument as the basis of its objection. The court also notes that defendants were aware of the changes in the factual allegations contained in the First Amended complaint before filing its reply brief but failed to raise an objection. *See* Motion by Defendant Kenneth R. Briley for enlargement of time [#32] at ¶ 6 ("Additionally, the undersigned believes that the filing of the

2

summary judgment and attached an affidavit in support of his claims. The factual allegations contained within Smith's original *pro se* complaints differ from the factual allegations contained within Smith's First Amended Complaint. Defendants have argued, without citing to any authority, that Smith should not be allowed to change his factual allegations in order to avoid the repercussions of failing to comply with the PLRA's exhaustion requirement. The court rejects this argument.

It is well-settled that "an amended pleading supersedes the original pleading; facts not incorporated into the amended pleading are considered *functus officio*."[2] *Kelley v. Crosfield Catalysts*, 135 F.3d 1202 at 1204 (7th Cir. 1998), citing *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054 (7th Cir. 1998); *Wellness Community-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995); *Lubin v. Chicago Title & Trust Co.*, 260 F.2d 411, 413 (7th Cir. 1958) ("It is hornbook law that an amended complaint complete in itself and making no reference to nor adopting any portion of a prior complaint renders the latter *functus officio*."). Smith's affidavit is entirely consistent with the allegations contained in the First Amended Complaint. Thus, the court will consider Smith's affidavit when deciding the present motion.

---

amended complaint moots Defendants' Motion for Summary Judgment, and that Defendant Briley will have to file another Motion for Summary Judgment."). Defendants chose to adopt its summary judgment pleadings as its response to the First Amended Complaint rather than objecting to the First Amended Complaint. Accordingly, defendants waived any objection in that regard.

[2] *"Functus officio,"* according to Black's Law Dictionary (7th Ed.), means "(Of an officer or official body) without further authority or legal competence because the duties and functions of the original commission have been fully accomplished." In the cited case, the court appears to mean the amended complaint stands as the official complaint for the case.

3

## III. FACTS IN A LIGHT MOST FAVORABLE TO PLAINTIFF[3]

From February 5, 2003 to February 11, 2003, Smith was incarcerated at Stateville.[4] During that seven-day period, Smith repeatedly complained to the prison guards and staff about the below-freezing temperatures in his cell. Smith requested a grievance form from the guards and staff but was told that the forms would be provided later or by the next shift of prison guards. Smith never received a grievance form. Smith also was not afforded an opportunity to meet with his counselor because his counselor was inaccessible and never entered the gallery.

In order to notify prison officials of his grievance, Smith resorted to writing a formal grievance on part of a brown paper bag. On February 6, 2003, Smith gave this grievance to an officer and asked the officer to deliver the grievance to the authority responsible for handling grievances. The officer assured Smith that his grievance would get to the proper authority. When Smith followed up with an officer regarding the lack of heat and his grievance, the officer asked, "What do you expect, you're in prison, crazy?"

---

[3] Defendants' responses to paragraphs 2-5 of Smith's Statement of Additional Facts are improper under the Local Rules of the Northern District of Illinois because they neither admit or deny the stated facts, they contain legal argument, and they fail to contradict the stated facts. *See Cady v. Miss Paige, Ltd.*, No. 02 C 4867, 2004 U.S. Dist. LEXIS 7613, 2004 WL 1144044 (N.D. Ill. Apr. 30, 2004) ("Local Rule 56.1 . . . emphasizes that it is inappropriate to include legal conclusions and/or argument in the Rule 56.1 statements of fact."). In addition, while defendants' responses to paragraphs 6-17 of Smith's Statement of Additional Facts expressly deny the facts stated by Smith, they contain improper legal arguments; they fail to contradict the facts stated by Smith; they fail to cite to specific paragraphs of the affidavits that supposedly contradict the facts stated by Smith; and they include additional facts. "'Specific reference' means including proper Bluebook citations to exact pieces of the record that support the factual contention contained in the paragraph." *See Malec v. Sanford*, 191 F.R.D. 581 at 583 (N.D. Ill. 2000). "In other words, citations must include page (or paragraph) numbers, as opposed to simply citing an entire deposition, affidavit, or other exhibit document . . . ." As a consequence, the court strikes defendants' responses and deems admitted the facts contained in these paragraphs.

[4] On February 11, 2003, Smith was transferred to Vandalia Correctional Center. He was released from Vandalia Correctional Center on April 8, 2004.

The following day, February 7, 2003, Smith asked an officer to follow-up on his grievance, and the officer agreed. Again, Smith received no response. Later, during hall check, he asked another officer to investigate the status of his grievance and was told not to file any more grievances.

Smith then wrote a grievance to Warden Briley on another portion of the paper bag. In this grievance, he complained of the frigid conditions in his cell and explained that he had received no response to his earlier grievance. Smith gave this second grievance to an officer. When inquiring about this grievance, Smith received no response. Finally, Smith prepared a third grievance on the remaining portion of the paper bag. Smith placed this grievance in an envelope and gave it to a shift officer to give to Donald Snyder, Jr. ("Snyder"), the director of the Illinois Department of Corrections ("IDOC"). Smith received no response from Snyder.

The IDOC's Administrative Review Board ("ARB") has no record of these grievances. Smith's master file also does not contain any grievances regarding the conditions in Smith's cell between February 5, 2003 and February 11, 2003.

### III. DISCUSSION

Defendants moved for summary judgment on the grounds that Smith failed to exhaust his administrative remedies as required by the PLRA. The PLRA provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In order to exhaust all administrative remedies under the PLRA, a prisoner is required to attempt to resolve his problem through his counselor, 20 Ill. Admin. Code § 504.810(a) (2005), to file a written grievance, *id.*, and, after receiving the response of the Chief Administrative

Officer, to appeal that decision in writing. § 504.850(a). If a prisoner is unable to resolve his problem informally, he may file a written grievance on a grievance form within 60 days of the discovery of the incident or occurrence giving rise to the grievance. § 504.810(a). A prisoner also may request that a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer. § 504.840(a).

Defendants argue that Smith failed to exhaust his administrative remedies and that he was not prevented from complying with the grievance procedures. In support of this argument, defendants have submitted the affidavits of the Nancy S. Tucker, the manager of the Office of Inmate Issues for the IDOC, Arthur Langston the clinical services supervisor at Vandalia Correctional Center, and Jimmy Dominguez, the assistant warden of programs at Stateville to establish the absence of any record of Smith's grievances regarding the below-freezing temperatures during his stay at Stateville. Defendants also argue that a one-day delay was an insufficient period of time to justify circumventing the rules designed to give the inmate and prison officials an opportunity to resolve the complaint informally. Defendants further assert that even if Smith never saw his counselor during his time at Stateville, he could have sent his completed grievance form to his counselor. In addition, defendants argue that Smith failed to complain about the below-freezing temperatures while being examined by Stateville's medical personnel during his stay.

Defendants' arguments ignore the evidence offered by Smith: he repeatedly requested a grievance form from Stateville personnel, these requests were ignored, and his counselor was never made available for him.[5] Smith was forced to write his grievances on a paper bag, and he never

---

[5]Defendants take issue with Smith's failure to identify a single person from whom he requested a grievance form, arguing that he should be able to provide at least a name or two of someone from whom he requested a form or someone who told him that he could not have one. Defendants ignore the evidentiary value of Smith's affidavit and

6

received any response from prison personnel. Based on the lack of response given to Smith's complaints, it does not appear that a greater length of time between his grievances would have generated any response from prison personnel. In addition, defendants' motion for summary judgment does not place at issue Smith's failure to complain to Stateville's medical personnel regarding the below-freezing temperatures. Such complaints would not have exhausted Smith's administrative remedies. While Smith's failure to complain to Stateville's medical personnel may be relevant at trial, it does not contradict Smith's averments that he filed grievances or complained orally about the conditions of his cell to other prison personnel.

In light of the uncontroverted evidence offered by Smith, the court finds that a genuine issue of material fact exists as to whether Smith exhausted his administrative remedies as required by the PLRA. Smith's numerous requests for a grievance form went unanswered, making it impossible for Smith to file the appropriate form. Smith's counselor was inaccessible, preventing Smith from resolving his complaint informally. Finally, Smith submitted three written grievances regarding the below-freezing temperatures, to which he received no response, thereby rendering the administrative remedies unavailable. *See Lewis v. Washington*, 300 F.3d 829 at 833 (7th Cir. 2002) (administrative remedies are deemed exhausted "when prison officials fail to respond to inmate grievances because those remedies [are] 'unavailable'"). *See also Perkins v. Sheahan*, No. 03 C 8534, 2005 U.S. Dist. LEXIS 13706 (N.D. Ill. May 10, 2005) (court denied defendants' motion to dismiss for failure to exhaust PLRA's administrative remedies where plaintiff alleged that he was prevented from

---

their own burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. 317, 323. In any event, even if Smith was able to identify these individuals and these individuals disputed whether Smith asked for a grievance form, the court would be unable to grant defendants' motion because it would require a credibility determination. *See Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.").

exhausting his administrative remedies by the jail officials' refusal to provide forms to him and otherwise participate in the process). Accordingly, the court denies defendants' motion for summary judgment.[6]

## ORDER

For the reasons stated above, the court denies defendants' motion for summary judgment [#16]. The court sets this matter for a hearing on status on September 6, 2005 at 9:30 a.m.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: August 16, 2005

---

[6]Defendants also argue that Smith should not be allowed to counter defendants' evidence that Smith failed to complete the grievance process with nothing more than his own unsubstantiated allegations against unnamed individuals. This argument ignores the fact that Smith's allegations are not unsubstantiated: he has provided a sworn affidavit regarding his attempts to exhaust the administrative remedies as required by the PLRA. Moreover, taking the facts in the light most favorable to Smith, it is unsurprising that Smith does not have photocopies of his grievances or other documentation of his grievances when he was forced to resort to writing his grievances on portions of a paper bag.